UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES D. MARKS                                                                PETITIONER

v.                                                          CIVIL ACTION NO. 3:14CV-P314-M

UNITED STATES OF AMERICA                               RESPONDENT

**MEMORANDUM OPINION**

James D. Marks, an inmate proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (DN 1). He failed to pay the filing fee or file an application to proceed without prepayment of the filing fee. By Order entered June 11, 2014, the Court ordered Petitioner to either pay the $5.00 filing fee for this action or file a fully completed application to proceed without prepayment of the filing fee (DN 4). Petitioner was given 21 days from entry of the Order to comply. He was warned that failure to comply with the Order would result in dismissal of this action. Over 21 days have passed with Petitioner failing to comply with the Court's Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency for failure to comply with court deadlines and other procedures

readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Jourdan v. Jabe*, 951 F.2d at 110.

Because Petitioner failed to comply with the Court's Order (DN 4) and has failed to take any action subsequent to filing his original petition seeking habeas corpus relief which initiated this action, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date: August 7, 2014

                                              Joseph H. McKinley, Jr., Chief Judge
                                              United States District Court

cc:     Petitioner, *pro se*
4414.003

2